UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-00196-30-JRG-CRW |
| | ) | |
| WARREN KEITH EDWARDS | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Warren Keith Edwards' Motion to Amend and Correct Judgment [Doc. 1228]. Earlier this year, the Court sentenced Mr. Edwards to seventy months' imprisonment but with a recommendation of credit for time served:

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
>
> **70 months as to count one**. The term of 70 months is hereby reduced by 18 months for a total federal confinement of **52 months,** pursuant to USSG §5G1.3(b). This reduction is in reference to the sentences imposed in Sullivan County General Sessions Court Docket Number 2018RK55469 and Sullivan County Criminal Court Case S7067.

[J., Doc. 1013, at 2]. Mr. Edwards' counsel now informs that Court that the Bureau of Prisons is refusing to give Mr. Edwards credit for the bulk of the eighteen-month period that he spent in custody. Under Federal Rule of Criminal Procedure 36, she now moves the Court "to correct an error arising from oversight or omission," [Def.'s Mot. at 1], by entering an amended judgment with different language so that Mr. Edwards will receive full credit for the time he served, *see* [*id.* at 3 (moving the Court "to correct the Judgment to reflect the intent of the parties to credit Mr. Edwards for all time served")].

After entering a judgment, the Court can modify a defendant's sentence only if a statute permits modification. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Otherwise, the Bureau of Prisons rather than the Court is responsible for administering a defendant's sentence,

including its computation and the computation of credit for time served. 18 U.S.C. § 3621(a); *see United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014) ("[O]nly the BOP and the Attorney General, and not the district court, are authorized to grant credit for time served[.]" (citing *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir 2001))); *see also Greathouse v. FCI Elkton Warden*, No. 4:16-CV-01887, 2016 WL 4943019, at *2 (N.D. Ohio Sept. 16, 2016) ("Once a Defendant is sentenced in federal court, the Attorney General, through the BOP, is responsible for administering the sentence." (citing 18 U.S.C. § 3585(b)(1)); *Garcia v. Pugh*, No. 4:13 CV 1153, 2013 WL 5756310, at *2 (N.D. Ohio Oct. 23, 2013) ("[T]he BOP must apply any jail-time credit to which the offender may be entitled under 18 U.S.C. § 3585(b).").

Rule 36 "has been consistently interpreted as dealing only with clerical errors," *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004), and it does not authorize the Court "to correct an error arising from oversight or omission," [Def.'s Mot. at 1]—the remedy that Mr. Edwards specifically requests, *see Robinson*, 368 F.3d at 656 ("Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court." (citation omitted)). At sentencing, the Court did its best, in collaboration with the parties, to word the judgment in a way that would allow Mr. Edwards to receive credit from the Bureau of Prisons for all time served. Indeed, Defendant's counsel approved of the judgment's wording before the Court entered it. But now that the Court has entered judgment, the administration of Mr. Edwards' sentence falls squarely within the Bureau of Prisons' purview—not the Court's—and the Bureau of Prisons is not legally bound to accept the Court's recommendation of time served. *See United States v. Gibbs*, 626 F.3d 344, 349 (6th Cir. 2010) (recognizing that a district court's recommendation of time served "would not be binding on the BOP").

2

Also, "a claim for credit for time served is not cognizable in a proceeding pursuant to [Rule 36]." *Addison v. United States*, No. 93–1280, 1993 WL 318780, at *1 (6th Cir. Aug. 19, 1993); *see United States v. Johnson*, No. 5:17-CR-10-TBR, 2018 WL 5831521, at *1 (W.D. Ky. Nov. 6, 2018) ("Although [the defendant] makes his motion pursuant to Rule 36, 'a claim for credit for time served is not cognizable in a proceeding pursuant to Fed. R. Crim. P. 36.'" (quoting *id.*)); *United States v. Brown*, No. 1:07–CR–220–04, 2015 WL 6394327, at *1 (W.D. Mich. Oct. 22, 2015) ("In [the defendant's] motion pursuant to Rule 36 Defendant requested an order correcting a clerical error in his judgment. Specifically, Defendant requested that the judgment reflect that he be given credit for time served on his state sentence. The Court denied the motion because the Court lacked authority to grant credit for time served." (citations omitted)).

The Court lacks jurisdiction to consider Mr. Edwards' request to amend the judgment under Rule 36 to the extent he is pursuing credit for time served. *See Addison*, 1993 WL 318780 at *1 ("A claim for time served must be made in a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241, after the claimant has exhausted administrative remedies." (internal citation omitted) (citing *United States v. Wilson,* 112 S. Ct. 1351, 1355 (1992))); *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) (concluding that "the district court lacked subject matter jurisdiction" to grant an inmate's request for a computational correction to his sentence because he did not show that he had first "exhausted his administrative remedies before the Bureau of Prisons"); *see generally* 28 C.F.R. §§ 542.10–542.19 (containing the procedures for the Bureau of Prison's Administrative Remedy Program). Mr. Edwards' motion [Doc. 1228] is therefore **DENIED**.

So ordered.

ENTER:

                                            s/J. RONNIE GREER
                                   UNITED STATES DISTRICT JUDGE